NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS DIAZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SERGEANT RAGUCCI, et al.,<br><br>　　　　Defendants. | Civil Action No. 19-21197 (CCC)<br><br><br>**MEMORANDUM OPINION** |

**CECCHI, District Judge:**

This matter comes before the Court on the civil rights complaint brought pursuant to 42 U.S.C. § 1983 by Plaintiff Luis Diaz ("Plaintiff"), which raises excessive force, illegal search, and racial bias claims against two Wyckoff Township police officials, Due Process claims against a New Jersey criminal judge, and ineffective assistance claims against Plaintiff's criminal attorney. ECF No. 1. Plaintiff also filed an application to proceed *in forma pauperis*. ECF No. 1-1. Because Plaintiff's application shows that he is entitled to proceed *in forma pauperis*, that application shall be granted.

Because Plaintiff will be granted *in forma pauperis* status, and because Plaintiff is a convicted state prisoner, this Court is required to screen his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) [or § 1915A] is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure

1

12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in

their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

In his complaint, Plaintiff alleges that he was arrested by Defendant Ragucci in late December 2012. ECF No. 1 at 10. During this arrest, he contends that Ragucci illegally searched his vehicle, beat him, and uttered various racial slurs against him, which Plaintiff contends amounts to claims for illegal search, excessive force, racial profiling, false arrest, and false imprisonment. (*Id.*). Plaintiff also contends that these wrongdoings should be imputed to Ragucci's supervisor, Chief Fox. *Id.* at 10–11. Plaintiff additionally alleges that during his criminal proceedings he received ineffective assistance of counsel and was subjected to a more substantial sentence than his co-defendant by a state criminal judge due to racial animus on the judge's part. *Id.* at 11–12.

Turning first to the claim against Judge Foti, it is clear that this claim may not proceed. State court judges are absolutely immune from suit under § 1983 for actions taken in their judicial capacity unless they act "in the clear absence of all jurisdiction." *Kwasnik v. Leblon*, 228 F. App'x 238, 243 (3d Cir. 2007); *see also Mireles v. Waco*, 502 U.S. 9, 12 (1991). As Plaintiff's claim arises solely out of Judge Foti's actions during his criminal prosecution and sentencing, over which the state court had jurisdiction, it is clear that Judge Foti did not act in the clear absence of all jurisdiction. Judge Foti is therefore immune from suit and Plaintiff's claims against the judge are therefore dismissed with prejudice.

Plaintiff's claim against his criminal attorney is similarly fruitless. Private defense counsel, "public defenders[,] and court-appointed counsel acting within the scope of their professional duties are absolutely immune from civil liability under § 1983." *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014) (quoting *Black v. Bayer*, 672 F.2d 309, 320 (3d Cir. 1982)). This immunity arises from the fact that a criminal defense attorney, even if employed by the state as a

3

public defender "does not act under color of state law when performing a lawyer's traditional functions." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981).  As Plaintiff's sole claim against Defendant McPherson arises solely out of actions she took while representing him as his criminal defense attorney, McPherson did not act under color of state law and is therefore immune from suit under § 1983.  Plaintiff's claims against her are therefore dismissed with prejudice.

In his remaining claims, Plaintiff alleges that Defendants Fox and Ragucci are liable to him for various actions which occurred during his arrest in December 2012, nearly seven years before this matter was filed.  Actions brought pursuant to § 1983 in New Jersey are subject to a two year statute of limitations. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013).  While most claims under § 1983 accrue at the time of the alleged injury, Plaintiff's false imprisonment claim, has an alternative date of accrual – the date on which he became held pursuant to legal process, such as through a formal arraignment. *See, e.g., Wallace v. Kato*, 549 U.S. 384, 389–90 (2007).  In this matter, Plaintiff was subjected to the alleged injuries in December 2012, and became bound pursuant to legal process a few days later.  Plaintiff thereafter pled guilty in 2014 and was sentenced in September 2015. *See State v. Diaz*, 2017 WL 4654948, at *1 (N.J. App. Div. Oct. 18, 2017).  As Plaintiff was clearly held pursuant to proper legal process by the time he was convicted, all of his claims against Fox and Ragucci had accrued, at the very latest, more than four years before he filed suit in this matter.  Plaintiff's claims are therefore clearly time barred, and will be dismissed as such. Because Plaintiff did not address the issue of tolling or the statute of limitations in his complaint, and he may yet be able to argue some basis for the tolling of the two year limitations period, his claims against Fox and Ragucci shall be dismissed without prejudice.

Finally, to the extent Plaintiff asserts state law claims against the Defendants in addition to his federal claims, this Court declines to exercise jurisdiction over those state law claims as this Court has dismissed all claims over which it had original jurisdiction. *See* 28 U.S.C. § 1367(c)(3).

In conclusion, Plaintiff's application to proceed *in forma pauperis* ECF No. 1-1) is **GRANTED**, Plaintiff's claims against Defendants Foti and McPherson are **DISMISSED WITH PREJUDICE**, and Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**. An appropriate order follows.

DATE: April 2, 2020

**Claire C. Cecchi, U.S.D.J.**